

**ORDERED in the Southern District of Florida on June 12, 2013.**

A. Jay Cristol, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re                                                                                     CASE NO. 12-23166-BKC-AJC
                                                                                          CHAPTER 13
PAUL CAPUTO,

     Debtor.
_____/

### ORDER OVERRULING DEBTOR'S OBJECTION TO CLAIM NO. 2 FILED BY CAMILE CAPUTO

THIS CAUSE came before the Court for evidentiary hearing on May 16, 2013 upon the Debtor's Objection to Claim No 2 filed by Camile Caputo, [ECF 85]. The Court having heard argument of counsel, testimony from Camile Caputo and Paul Caputo, and based upon the record, makes the following findings of fact and conclusions of law.

The Debtor filed a voluntary bankruptcy petition under Chapter 13 of the Bankruptcy Code on May 30, 2012. The Debtor's Chapter 13 Plan [ECF 12], filed on June 12, 2012, provided that the Debtor's former wife, Camile Caputo, is owed approximately $200,000.00 as equitable distribution, which is treated under the plan as a general unsecured debt and will be discharged upon

1

completion of this case. Camile Caputo asserts the plan violates federal law as her debt is not dischargeable because it constitutes a domestic support obligation.

The issue before the Court is therefore the determination of whether the approximate amount of $200,000.00 required to be paid to Camile Caputo by the Debtor pursuant to the parties' Marital Settlement Agreement, is a dischargeable debt in the form of equitable distribution or is a non-dischargeable debt in the nature of alimony and support. This Court has jurisdiction to determine the nature of the former spouse's claim. The determination of whether the debt is an equitable distribution or is actually in the nature of alimony or support is determined under federal law. See, Cummings vs. Cummings, 244 F.3d 1263, 1265 (11th Cir. 2001) ("Whether a given debt is in the nature of support is an issue of federal law"). The Court cannot rely solely on the labels used by the parties in their agreements, but may look beyond the labels to examine whether the debt is actually in the nature of support or alimony.

The Court, having considered the testimony of the parties and the evidence presented, determines that Camile Caputo's claim is in the nature of alimony and support and concludes that said debt is not dischargeable under the Debtor's Chapter 13 plan. The Court found Camile Caputo's testimony to be candid, forthcoming and credible. The Court found the Debtor was not forthcoming.

Camile Caputo relies on *inter alia* a letter agreement dated April of 2007 (Exhibit 8). This letter agreement was signed by the parties and states that the $200,000.00 sum owed is lump sum alimony. Because this agreement was signed prior to the Debtor's divorce and prior to the executions of certain other documents, the Debtor argues Exhibit 8 does not reflect the parties' intentions. The Debtor believes the other exhibits belie Camile Caputo's contention. The Court disagrees with the Debtor.

The Debtor would have the Court believe that Exhibit 10 reflects the parties' intentions.

2

Exhibit 10 is a list of payments made by Paul Caputo to Camile Caputo. The title of this Exhibit states "Caputo and Caputo Equitable Distribution Payments to wife per MSA". The Court finds this Exhibit to be self-serving and woefully lacking in proof. Moreover, Exhibit 9, the Addendum to the Marital Settlement Agreement, dated December 18, 2012, fails to prove the ultimate issue herein.

Bankruptcy courts should look beyond the label given to a particular debt by the parties to determine whether the parties intended the obligation to function as support or alimony, "even if they called it something else." *In re Benson*, 441 Fed. Appx. 650, 2011 WL 4435560 (11th Cir. 2011). Upon consideration of the credible testimony of Camile Caputo, and upon consideration of the much less credible testimony provided by the Debtor Paul Caputo, and upon review of the documents admitted into evidence regarding the intentions of the parties, it becomes clear to this Court that the intention of the parties was to have the Debtor pay to Camile Caputo the approximate $200,00.00 within eighteen (18) months from the refinancing of the home and other investments and that such payment would be Camile Caputo's support.

Based on evidence presented, the Court finds the *Cummings* factors weigh in favor of Camile Caputo, and the $200,000.00 payment owing from the Debtor was in the nature of domestic support. The following factors have lead the Court to its conclusion:

   a) Camile Caputo irrevocably waived alimony in the Marital Settlement Agreement in exchange for the $200,000.00 payment;

   b) Camile Caputo gave up all rights in the marital home;

   c) Camile Caputo was unemployed and had to seek assistance from family members to be able to pay expenses and rent a studio apartment;

   d) Camile Caputo was induced to sign and become liable for a new equity line of credit mortgage on the marital home immediately prior to the divorce by Debtor in exchange

    for the $200,000 payment;

e) Debtor retained the marital home;

f) Debtor retained the majority of the refinancing proceeds for his personal use;

g) Debtor did not produce records or contradictory evidence relating to the payments made on the $200,000.00 settlement amount showing he paid more than $19,560 of this amount to Camile Caputo.

h) Debtor was an experienced business person who had worked both in real estate and the financial services industries;

i) Prior to signing the Marital Settlement Agreement, the parties executed a one page document stating that the $200,000 would be deemed lump sum alimony;

j) Prior to the divorce, Camile Caputo and Debtor lived comfortably, with live-in assistance, in a home worth no less than $550,000;

k) Camile Caputo was not represented by counsel at all relevant times.

Applying the guidelines set forth in *Cummings*, the Court concludes that the approximate $200,000.00 debt is not an equitable distribution but rather is in the nature of support. It is therefore

**ORDERED AND ADJUDGED** that Debtor's Objection (DE 85) is OVERRULED and the $180,350.00 amount owed ($200,000 less the $19,650 credited against the debt by Camile Caputo) is in the nature of support or alimony and is non-dischargeable.

###

Copies furnished to:

Nancy Neidich, Trustee
Michael Frank, Esq.
Eduardo Dieppa, Esq.

Attorney Eduardo Dieppa is directed to mail a conformed copy of this Order to all interested parties immediately upon receipt and shall thereupon file a certificate of service with the Court.